UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO MARTIN VENTURA LOPEZ, | No. 1:26-cv-2963-DAD-EFB (HC) |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| TAE D. JOHNSON, et al. | |
| Respondents. | |

Petitioner is an immigration detainee proceeding with a petition for writ of habeas corpus. According to his petition,[1] petitioner has been in the United States since approximately 2003.[2] ECF No. 1 at 1. He asserts that he has no criminal history. *Id*. He also maintains that he "has worked consistently, supported himself and his family, and has filed taxes in the United States." *Id*. His petition attaches letters of support from his employer, child, and coworker, as well as documents from the Internal Revenue Service providing his taxpayer identification number. *Id*. at 5-9.

He was detained on January 20, 2026 while on his way to work. *Id*. at 1. He has not received a meaningful bond hearing or an individualized custody determination. *Id*.

Respondents do not dispute petitioner's factual allegations. ECF No. 7.

---

[1] The petition was filed by petitioner's "next friend," Francisco H. Marquez Bernal. Bernal asserts that he has a close and ongoing relationship with petitioner and that petitioner has limited ability to read and write English. ECF No. 1 at 3. Petitioner's reply was filed by his court-appointed counsel and confirms the allegations of the petition. ECF No. 10.

[2] Neither petitioner nor respondents identify petitioner's country of origin.

1

Petitioner's motion for a temporary restraining order was denied without prejudice on April 24, 2026, because he was proceeding in a pro se capacity at that time.  ECF No. 6.

**LEGAL STANDARD**

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law.  *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018).  The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence.  *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

**ANALYSIS**

Respondents' sole argument to justify petitioner's detention is that they claim he is an "applicant for admission" who is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  ECF No. 7 at 1.  Courts in this district have held that noncitizens such as petitioner "who were physically present in the United States for some period of time before they were detained by ICE" are subject to the procedural protections of § 1226(a) and are not subject to mandatory detention under § 1225(b).  *Gutierrez v. Chestnut*, No. 1:25-cv-1515-DAD-AC, 2025 WL 3514495, at *4 (E.D. Cal. Dec. 8, 2025); *see also, e.g., Jimenez Pascual v. Blanche*, No. 1:26-cv-3133-DAD-SCR, 2026 WL 1218832, at *1 (E.D. Cal. May 5, 2026).

Petitioner was detained without having received a pre-deprivation bond hearing as required by § 1226(a).  On this record, it appears he has not received a post-deprivation bond hearing since he was detained over five months ago.  Respondents recognize the government's position that immigration judges lack authority to grant bond under § 1225(b)(2)(A) to persons who it claims are subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  *See* ECF No. 7 at 1-2 n.2 (discussing pending Ninth Circuit cases regarding the application of *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025)); *see also Espinoza v. Chestnut*, No. 1:26-cv-0937-DAD-CKD, 2026 WL 309562, at *1 (E.D. Cal. Feb. 5, 2026) (granting release instead of a second bond hearing where bond had been denied at first hearing on the basis of *Yajure Hurtado*).  As in *Espinoza*, "the prudential exhaustion requirement with regard to a bond hearing should be waived as it would be futile to seek release by administrative means" in light of the government's

2

position regarding § 1225(b)(2) as the statutory basis for petitioner's detention. *Espinoza*, 2026 WL 309562 at *1 (citing *Bekler v. Noem*, No. 1:25-cv-1974-CDB, 2026 WL 234949, at *7 (E.D. Cal. Jan. 29, 2026)).  For these reasons, the undersigned recommends petitioner's immediate release as opposed to a bond hearing, and that respondents be enjoined from re-detaining him without constitutionally adequate pre-deprivation procedures.[3]   *See Jimenez Pascual*, 2026 WL 1218832, at *2.

Accordingly, IT IS HEREBY RECOMMENDED that:

1)      Petitioner's application for a writ of habeas corpus (ECF No. 1) be GRANTED on his claim for violation of the Fifth Amendment Due Process Clause.

2)      Respondents be ordered to immediately release petitioner from custody.

3)      At the time of his release, respondents be required to return all of petitioner's documents and possessions in their custody and control.

4)      Respondents be directed to not re-detain petitioner without providing him notice and a pre-deprivation hearing before an immigration judge where the government has the burden to demonstrate a change in circumstances by clear and convincing evidence.

5)      The Clerk be directed to serve the California City Correctional Facility with a copy of the Court's order.

6)      These recommendations do not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

7)      The Clerk of Court be directed to enter judgment in petitioner's favor and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven (7) days after being served with these findings and recommendations, any party may file written

---

[3]  In the interests of judicial economy, the undersigned does not reach the remaining claims of the petition regarding alleged violation of § 1226(a) of the Immigration and Nationality Act and arbitrary and excessive detention.  *See* ECF No. 1 at 2.

3

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 9, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4